MARY HOWARD & others *vs.* JOHN L. PRIEST & another.

Real estate, purchased by partners, with the partnership funds, for the partnership business, is considered in equity as partnership stock, and is to be applied, if necessary, towards payment of the partnership debts ; and the widows of the partners are not entitled to dower in such estate, nor are the heirs of the partners entitled to the rents and profits of such estate which accrue after the death of their ancestor, if the estate and such rents thereof are required for payment of the partnership debts.

Under *St.* 1838, *c.* 163, the assignees of an insolvent debtor, who is surviving partner of a firm, are entitled, as against the widow and heirs of the deceased partner, to all the real estate of the partners, which was purchased with the partnership funds, for the partnership business, and to the rents and profits thereof, to be applied towards payment of the debts of the firm.

THIS was an action of assumpsit on the money counts, brought by the widow and children of Abraham Howard, deceased, and was submitted to the court on the following agreed statement of facts :

" In the year 1826, Abraham Howard and Robert D. C. Merry partners in business, under the firm of Howard & Merry, purchased store No. 39, Central Wharf, Boston, with eight shares in the corporate stock of the Central Wharf and Wet Dock Corporation ; which shares, by the charter of said corpo

ration, ( *St.* 1814, *c.* 172, § 4,) are ' in all respects real estate.' In 1832, the said Howard & Merry, being then partners as aforesaid, purchased a parcel of land and a store in Moon Street, Boston. Both the deeds of conveyance were made to said Abraham Howard and Robert D. C. Merry, and their heirs and assigns for ever ; and the deed of the store on Central Wharf, with the shares aforesaid, described the grantees as ' merchants and copartners, doing business under the firm of Howard & Merry.' The whole of said estates was purchased with the funds of said firm, and they were so entered on the books of the firm, at the time of the purchase, and continued to be entered in the accounts of stock, taken in writing by the firm, from time to time during the continuance of the partnership, as a part of the property of the firm. All the expenses incurred on account of said real estate were charged to said partnership, in their books ; and all the rents, storage, and dividends received from said stores and shares, were credited to said partnership, in their books.

" This property was purchased by Howard & Merry for their partnership purposes, and was used by them for their own goods, and also for taking the goods of others on storage ; and said partners occupied the counting room in said store on Central Wharf, from the time it was purchased until the partnership was dissolved by the death of Howard, in January 1840. Said firm were solvent, when such purchases were made, and so continued till 1837. After the decease of Howard, the surviving partner, Merry, filed a petition, on the 14th of April 1840, for the benefit of the insolvent act of 1838, *c.* 163, upon which such proceedings were had, that the defendants in this suit, J. L. Priest and Franklin Story, were appointed assignees of said Merry's estate, and his individual estate and the partnership estate of Howard & Merry were transferred to them by a master in chancery. The defendants have received rents from said stores, and dividends from said shares, to the amount of $ 3000, and the plaintiffs claim one moiety thereof as belonging to them. On the 17th of February 1840, an administrator was appointed on the estate of said Howard ; but he had not sold the real estate belonging to said How-

ard, at the time when the abovementioned rents and profits accrued.

" A demand has been made, in due form, by said Mary Howard, to have her dower set off in the premises, and also by all the plaintiffs for the rents and profits claimed in this suit. The parties have agreed upon the value in money, of Mrs. Howard's dower, if she is entitled to dower. And if the plaintiffs, or either of them, be entitled to recover any thing, in any form of action, or by any process in equity, against which the defendants have no claim for relief in equity, in this court, judgment is to be rendered for the plaintiffs, for that amount ; the court stating how much belongs to the widow, and how much to the heirs :   But if the court shall be of opinion that neither of the plaintiffs can recover any thing of the defendants, in any form of action or proceeding, at law or in equity, except where the defendants have a claim for relief in equity, in this court, judgment is to be rendered for the defendants."

*C. G. Loring & W. Gray*, for the plaintiffs.

*Nichols*, for the defendants.

The only authorities cited by the counsel, which were not cited in the next preceding case of *Dyer* v. *Clark*, were the following :   For the plaintiffs, the case of *Gibson* v. *Farley*, 16 Mass. 280, that they were entitled to the rents and profits claimed ; and *Vose* v. *Grant*, 15 Mass. 522, that the equity powers conferred on the court did not alter the law, as it stood before, and that, as there was no trust before, in a case like the present, the equity jurisdiction of the court, as to trusts, did not reach this case.   It was also urged for the plaintiffs, that it would be contrary to the policy of the registry law to hold that there was a trust in this case ; that law requiring that the title to real estate shall appear in the deeds thereof, and on record. *Hale* v. *Henrie*, 2 Watts, 143.   For the defendants, 1 Roper Husb. & Wife, 353.   *Leach* v. *Leach*, 18 Pick. 76. *Washburn* v. *Goodman*, 17 Pick. 537.   *Edgar* v. *Donnally*, 2 Munf. 387.   *Deloney* v. *Hutcheson*, 2 Rand. 186.   *Baird* v. *Baird*, 1 Dev. & Bat. Eq. Rep. 524.   *Lyster* v. *Dolland*, 1 Ves. jr. 435.   *Selkrig* v. *Davies*, 2 Dow, 242.

SHAW, C. J.   The principles and authorities on which we think this case must rest have been so fully presented and considered, in the case of *Dyer* v. *Clark*, (*ante*, 562,) decided at the present term, that we do not think it necessary to state them at large.   We are of opinion, that the conclusion to which they lead is, that real estate purchased out of partnership funds, to be used and applied to partnership purposes, and considered and treated by the partners as part of the partnership stock, is to be deemed and considered, so far as the legal title is in question, as estate held in common, and not in joint tenancy ; but as to the beneficial interest, it is held in trust, each holding his property in trust for the partnership, until the partnership account is settled, and the partnership debts paid.   It is a trust arising from the actual or implied agreement of the parties, and from the mutual relation in which they stand to each other.   It shall not be construed a joint tenancy at law, because it would be contrary to the policy of the law, by giving a *jus accrescendi* at common law, in case of survivorship, when no such intent or purpose can be presumed.   *St.* 1785, *c.* 62, § 4.   The rule of holding it a trust estate, in regard to partners, is founded on the equity of the surviving partner, who, being made chargeable with all the debts of the firm, ought to have the control of all the partnership property, as assets, first, for the payment of the debts of the firm ; and secondly, for the restoration to himself, on settlement of the partnership account, of that part of the capital which has been contributed by him to the common stock.

The true and actual interest of each partner in the common stock is the balance found due to him after the payment of debts and the adjustment of the partnership account.   There seems to be no reason in equity, why this first distribution of the common stock should be defeated, because, by mutual agreement, the partners, for their own use and convenience, have invested a part of that common stock in real estate.   And as the widow and heirs can claim only in right of the husband and father, such derivative right, in equity, will extend no further in behalf of the wife and children, than that of the partner from whom it was derived.   As this was real estate purchased by the partners, after

the formation of the partnership, as it was paid for out of the partnership funds, purchased for partnership use, and entered in their books and otherwise treated as partnership stock, until the decease of one of the partners, we are of opinion that the surviving partner had an equitable lien upon the property of the deceased partner; that the heirs took the legal estate, subject to a trust and equitable lien in favor of the surviving partner ; and that the widow was not entitled to her dower, nor the heirs at law to the rents and profits, until this trust was fully executed and fulfilled. [See *Burnside* v. *Merrick*, 4 Met. 537, which was under consideration at the same time with the present case.]

*Judgment for the defendants*